■ In the Matter of NOMURA SECURITIES INTERNATIONAL, INC., Appellant, v CITIBANK, N. A., Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 20, 1992, denying the petition to vacate respondent Citibank's demand for arbitration, unanimously affirmed, with costs.

Respondent's demand for arbitration is not barred by the "exchange-relatedness doctrine" that was applied in *Paine, Webber, Jackson & Curtis v Chase Manhattan Bank* (728 F2d 577) and *Haviland v Goldman, Sachs & Co.* (947 F2d 601, *cert denied sub nom. Aron & Co. v Haviland,* — US —, 112 S Ct 1995). Petitioner is a member of the New York State Stock Exchange (NYSE), and the dispute over the American Depository Receipts, public traded securities, "aris[es] in connection with the business of [petitioner]" (NYSE rule 600 [a]). We perceive no danger that permitting this arbitration to proceed "would extend without justification the congressional mandate of [Exchange] self-regulation" *(Paine, Webber, Jackson & Curtis v Chase Manhattan Bank, supra,* at 581). The underlying issue concerns the alleged wrongful conduct of the petitioner, the party who has agreed to be bound by the NYSE's regulations *(see, Pearce v Hutton Group,* 828 F2d 826), and is therefore clearly arbitrable under the Exchange rule. Concur— Carro, J. P., Wallach, Ross, Asch and Kassal, JJ.